August Nilson and Mathilda Landquist v. Home B. &
L. Association, Mrs. R. W. Poole and R. W. Poole.

1. Chancery Practice—*Decrees Conclusive as to Matters Properly
Involved.*—A decree rendered upon a bill is conclusive and binding upon
the parties filing it, as to all matters properly involved in the cause and
which might have been raised and determined under such bill.

**Bill to Redeem.**—Appeal from the Circuit Court of Winnebago
County; the Hon. John C. Garver, Judge, presiding. Heard in this
court at the April term, 1901. Affirmed. Opinion filed July 12, 1901.

B. A. Knight and Robert Rew, attorneys for appellants.

A. D. Early, attorney for appellee Building & Loan Association.

Wm. & E. P. Lathrop, attorneys for appellees Poole.

Mr. Justice Waterman delivered the opinion of the court.

In the Winnebago Circuit Court at the April term, 1897,
upon bill filed by the Home Building & Loan Association
against Mathilda Landquist, there was rendered a decree
foreclosing the mortgage by it held upon the premises of
said Mathilda Landquist. Under such decree, the premises,
being lot 8 in block 14 of Woodruff's second addition to
the city of Rockford, in the city of Rockford, county of
Winnebago, and State of Illinois, were sold by the master
in chancery to said Building & Loan Association for the
sum of $1,466.40.

On the 20th of August, 1897, the Home Building &
Loan Association procured an insurance upon the house
situated on said premises, the policy being issued in the
name of Mathilda Landquist, loss, if any, payable to the
Home Building & Loan Association. Shortly after Christ-
mas, in 1897, the house was partially destroyed by fire, as a
result of which, on the 30th of January, 1898, there was paid
by the insurance company to said Home Building & Loan
Association, in settlement of said loss, $844.65.

The Home Building & Loan Association paid the pre-
mium upon such insurance, being the sum of $6.75; and

also, after the fire, in order to protect said property, the sum of $10.98 for boarding the same up. The appellant Mathilda Landquist signed the receipt for the $844.65 obtained from the insurance company, and such sum was credited by the Home Building & Loan Association to the account of the Mathilda Landquist property, but was not indorsed on the master's certificate of sale.

After the twelve months had expired, during which Mathilda Landquist, as a defendant, was entitled to redeem from said master's sale, Mathilda Landquist obtained $100 from August Nilson, one of the appellants, and gave to him her judgment note for $1,000. The note expressly stated that it was " to be collected only out of lot 8, block 14, of Woodruff's second addition to Rockford," being the premises in controversy. This note was executed on the 21st day of September, 1898.

Appellants claim that the next morning they tendered to Mrs. R. W. Poole, $688 for redemption of the premises from said sale, which sum she refused to accept.

On the 14th day of September, 1898, the Building Association had assigned and transferred to Mrs. R. W. Poole, for the sum of $700, the certificate of purchase, by it obtained from the master on account of the sale made by him. Mrs. Poole testified, and there is nothing to show to the contrary, that at the time she bought and paid for the certificate of purchase, she had no knowledge that any insurance money had been collected by the Home Building & Loan Association since the said master's sale, or that there was any dispute about insurance.

Mrs. Poole having refused to accept the $688 offered her, and to surrender the certificate she held, judgment was entered in the Circuit Court of Winnebago County upon the note given as aforesaid by Mrs. Landquist to August Nilson, and execution thereon having been issued and placed in the hands of the sheriff, the sum of $688 was tendered in redemption from said master's sale. This the sheriff refused to receive, because the full amount stated in the master's certificate was not tendered.

Nilson v. Home Building & Loan Ass'n.

· Thereupon, appellants filed their bill to redeem, to which bill the defendants demurred. The court sustained the demurrer, and the bill was dismissed. From the order of dismissal an appeal was taken by appellants to the Appellate Court of this district where the judgment of the Circuit Court was affirmed as reported in volume 85 Ill. App. at page 78.

Thereupon, on the 5th day of September, 1899, appellants filed another bill to redeem from said sale. The defendants having demurred thereto, leave was given to amend; after which appellants filed answer denying the allegations of the bill.

Prior to the filing of the second bill, the appellee Mrs. R. W. Poole took possession of said premises, and had repairs made upon them which it is claimed by appellees cost over $640, while appellants claim it would cost only $200 to restore the house to the condition in which it was before the loss by fire.

On the 21st day of October, 1898, the master in chancery by whom said sale was made, in pursuance thereof, and the assignment of the certificate of sale by him issued, executed and delivered to Mrs. R. W. Poole a deed of said premises. Upon the hearing of said cause, it appeared that in accordance with the terms thereof, and the statute in such cases made and provided, the certificate of sale issued by the master, together with interest accrued thereon up to January 30, 1898, amounted to $1,519.43. Upon that day there was paid insurance money, amounting to $844.65. Deducting the amount paid from the amount of the certificate, leaves a balance of $674.78. The interest on this balance to September 23, 1898, would be $26.17, which, after allowing the full amount of insurance paid, as of the date of such payment, would make the balance due September 23, 1898, $700.95. At this time there had been paid by the Building Association, the sum of $6.75 as a premium for the insurance, $10.98 for boarding up the property after the fire, and $17.57, being the taxes upon said property for the year 1897, a total of $35.30, which, added to

the $700.95, makes the sum of $736.25, which, had the Building Association then been the holder of the certificate of purchase, appellants would have been required by a court of equity to pay for the redemption of said premises upon a bill by them filed.

It thus appears that at no time did appellants, or either of them, offer, either to the Home Building Association or to Mrs. Poole, the holder of the certificate, or to the sheriff, the amount which equitably they would have been required to pay in order to redeem from said sale.

Mr. and Mrs. Poole, in their answer to the bill filed in this case, said, in substance, that they were willing to deed the property to complainants with warranty against their own acts, upon payment of the $700 purchase price of the certificate and interest thereon, and of the money which they had actually paid or were liable for on account of repairs, taxes, etc., and expenses actually incurred in putting the house in tenantable repair, and interest on the sums so paid, and the payment of $75 expenses that they were put to under the first bill filed by appellants.

Appellants did not, in the bill filed by them from the decree upon which this appeal is taken, offer to pay to Mrs. Poole what she had paid on account of repairs and for taxes and insurance upon said premises, nor did appellants, or either of them, in filing the present bill, bring into court the money, which, in and by their bill, they were bound to pay in case the deed issued upon the sale of said premises was set aside, and they were allowed to redeem therefrom. Neither of the appellants ever had any right or title to the certificate issued by the master on account of the sale made by him.

The decree rendered by the Circuit Court of Winnebago. County, upon the bill first filed by appellants, is conclusive and binding upon them as to all the matters properly involved in said cause under the bill filed therein, and which might have been raised and determined under said bill. T. H. & I. R. R. Co. v. P. & P. U. Ry. Co., 81 Ill. App. 435.

It is urged by appellees that the judgment in favor of

August Nilson, under which a right to redeem is claimed, was not such as entitled him to redeem from said sale. Under the view we have taken of the case, we do not feel it necessary to pass upon such contention. The decree of the Circuit Court is affirmed.